IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04128-GPG

MARCELO ALEJANDRO ANDINO,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is a Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (D. 1). Petitioner seeks release or, in the alternative, a new bond hearing (*id.*). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Based on the allegations in the Complaint, Petitioner was provided a constitutionally deficient bond hearing before an immigration judge on August 21, 2026, at which he was denied bond (D. 1-7). The IJ wrote only that his bond was "[d]enied, because Respondent presents a flight risk that cannot be mitigated by bond" (*id.*). Respondents were ordered to show cause as to why Petitioner's petition should not be granted on September 4, 2026 (D. 4). On September 21, 2026, Respondents filed a response declining to submit a brief in opposition to the Petition (D. 5).

As this Court thoroughly explained in *Barreno v. Baltasar*, in the context of a bond hearing under 8 U.S.C. § 1226(a), due process requires that the Government bear the burden of proving that a detainee is a flight risk by a preponderance of the evidence and a danger to community by clear and convincing evidence. No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *3 (D. Colo. Nov. 14, 2025) (finding that the three *Matthews* factors weighed in favor of placing the burden of proof on the Government in § 1226(a) bond hearings). In recent months, the Court has repeatedly ordered Respondents to provide individuals detained under § 1226(a) with bond hearings according to this standard.

Because the primary legal dispute underlying the Petition appears resolved, the Court sees no purpose in awaiting a response from Respondents prior to granting relief. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (requiring "the district court must grant Santillan Quiroz's petition forthwith"). Should there be legal or factual issues not apparent from the Petition needing resolution by the Court prior to providing a bond hearing, Respondents may file a Motion seeking an extension or relief from this Order. *See* 28 U.S.C. § 2243 ("The return and all suggestions made against it may be amended, by leave of court, before or after being filed."); *Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that

while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondents have the responsibility to ensure that the government applies those burdens and provides a sufficient record for review. Additionally, Respondents SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing. Respondents are FURTHER ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time Petitioner was detained.

DATED September 22, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge